UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LOUISE MOORE and EDWARD MOORE,,

        Plaintiffs,

    -v-                                          10-CV-6713T
                                                             **ORDER**

DONNA CORNELL and the
ROCHESTER POLICE DEPARTMENT,,

        Defendants.

---

## INTRODUCTION

Plaintiffs Louise and Edward Moore filed a pro se action seeking relief under 42 U.S.C. § 1983. They were granted permission to proceed in forma pauperis and were directed to file an amended complaint. They have filed the amended complaint, but unless they amend the complaint as directed below, the action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiffs have amended the complaint to clarify in what manner they believe their constitutional rights were violated. Based on its evaluation of the complaint, the Court finds that, unless plaintiffs file an amended complaint as directed below, plaintiffs' claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) because they either are predicated on indisputably baseless legal theories or fail to state a claim upon which relief may be granted.

Plaintiffs have clarified that they do not intend to bring the action pursuant to the Fair Housing Act, 42 U.S.C. § 3613. Plaintiffs allege that they were subjected to living in a drug house that was used as a prostitution ring. They allege that they were threatened by their landlord, defendant Cornell, that if they made complaints, the complaints would go nowhere. They also allege that they were warned by "the Rochester Police Department," in a threatening manner, not to take action.

Plaintiffs apparently bring this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993).

Defendant Cornell is a private person, not a state actor. "To state a claim under the First Amendment or under 42 U.S.C. § 1983, the behavior complained of must be considered an action of the government, and not that of a private actor." Henderson v. Center for Community Alternatives, 911 F.Supp 689, 707 (S.D.N.Y. 1996) (Citing West v. Atkins, 487 U.S. 42, 48 (1988); Myron v. Consolidated Rail Corp., 752 F.2d 50, 54 (2d Cir.1985)). "The language 'under color of" law found in § 1983 is treated as the same thing as the 'state action' required under the Constitution."

Id. (Internal quotations omitted). United States v. Price, 383 U.S. 787, 794 n. 7 (1966). Here, because the alleged infringement of rights was not "fairly attributable to the State," Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982), the claim against Cornell must be dismissed. In addition, stating that a complaint will go nowhere would not be a violation of a constitutional right under these circumstances even if Cornell was a state actor.

As to the possible state actors, the amended complaint fails to say what individual in the Rochester Police Department said what to plaintiffs to make them feel threatened. Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as the City of Rochester or it's police department may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978). To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); see Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must

3

show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, plaintiffs do not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of the City of Rochester or it's police department, and thus plaintiffs have failed to state a § 1983 claim against this defendant.

Plaintiffs have made no direct allegations against any individual defendant regarding his or her personal involvement in the alleged constitutional violation. A requirement for liability under a § 1983 claim is "personal involvement" by the defendants in the alleged constitutional deprivation. Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998).

> A defendant may be "personally involved" in causing a constitutional deprivation if: (1) defendant participated directly in the alleged infraction; or (2) acting in a supervisory capacity, defendant (a) failed to remedy a continuing or egregious wrong after learning of a violation, (b) created a policy or custom under which the unconstitutional practices occurred or allowed such policy or custom to continue, or (c) was "grossly negligent" in managing subordinates who actually caused the constitutional deprivation.

Candelaria v. Coughlin, 787 F.Supp. 368, 372 (S.D.N.Y. 1992) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

However, the Court will permit plaintiffs to file one additional amended complaint in which the necessary allegations regarding this issue are included. Plaintiffs must amend their complaint to say what individual Rochester Police Department

representative did or said what, and how it violated their rights. Plaintiff must demonstrate that that individual defendant or defendants, in acting or failing to act, caused the alleged constitutional deprivation. If different things happened to each plaintiff, each plaintiff should say what specifically happened to each of them and who did it. Plaintiffs must say who threatened whom, and what specifically the individual said. If plaintiffs do not know the identity of the individual who they allege threatened them, they must describe the individual and when and where it happened.

## CONCLUSION

For the reasons set forth above, plaintiffs' complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless they file a second amended complaint by **March 16, 2011** in which they include the necessary allegations regarding their claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiffs are forewarned that if they fail to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## ORDER

IT HEREBY IS ORDERED, that plaintiffs must file an amended complaint as directed above by **March 16, 2011**;

FURTHER, that the Clerk of the Court is directed to send to plaintiffs with this order a copy of the amended complaint, a blank civil complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiffs fail to file a second amended complaint as directed above by **March 16, 2011,** the action shall be dismissed without prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiffs have failed to file an amended complaint by **March 16, 2011,** the Clerk of the Court shall close this case as dismissed without prejudice without further order.

**SO ORDERED.**

> S/ MICHAEL A. TELESCA
> MICHAEL A. TELESCA
> United States District Judge

Dated: February 8, 2011
Rochester, New York